G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
**MARTIN & BONTRAGER, APC**
6464 W. Sunset Boulevard, Suite 960
Los Angeles, California 90028
Telephone: (323) 940-1700
Facsimile: (323) 238-8095
E-Mail: tom@mblawapc.com
　　　　nick@mblawapc.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### CENTRAL DIVISION

| | |
|---|---|
| M. PAPADOPOULOS DENTAL CORP. dba VILLAGE FAMILY DENTAL OFFICE, individually, and on behalf of others similarly situated,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>MEDICAL SYNERGY, INC.<br><br>　　　Defendant. | Case No. 2:19-cv-6515<br><br>**CLASS ACTION COMPLAINT** |

## **CLASS ACTION COMPLAINT**

1. M. PAPADOPOULOS DENTAL CORP. dba VILLAGE FAMILY DENTAL OFFICE ("Plaintiff") brings this class action complaint individually, and on behalf of all others similarly situated, against MEDICAL SYNERGY, INC. ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA") for transmitting one or more facsimiles advertising the commercial availability or

quality of property, goods, or services, without having obtained prior express invitation or permission to transmit said facsimiles, at any time during the period beginning four (4) years prior to the commencement of this action and continuing until the present.

2. Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C), and the regulations, 47 C.F.R. § 64.1200(a)(3), promulgated thereunder (hereinafter referred to collectively as "TCPA" unless otherwise indicated). Plaintiff seeks statutory damages and injunctive relief.

3. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner, and the use of its fax machine. The recipient also wastes valuable time it would have spent on other matters. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Orange, State of California as not only does Defendant regularly conduct business throughout the State of California, but also, Defendant's principal place of business is within the County of Orange, State of California.

## PARTIES

6. Plaintiff, was and is at all relevant times herein, a resident of the state of California.

7. Defendant is a corporation located in Phoenix, Arizona which transacts

business in California.

8.  At all times relevant hereto, while conducting business in California, Defendant has been subject to, and required to abide by the laws of the United States which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its related regulations that are set forth at 47 C.F.R. § 64.1200 (the "TCPA Regulations"), as well as the opinions, regulations and order issued by courts and the Federal Communication Commission ("FCC") implementing, interpreting and enforcing the TCPA and the TCPA Regulations.

## FACTUAL ALLEGATIONS

9.  Defendant at all times relevant to the complaint herein engaged in telecommunications by means of telephone facsimile machines as defined by the TCPA 47 U.S.C. § 227(a)(3).

10.  Upon information and belief, Defendant regularly advertises its goods and services to recipients by transmitting fax advertisements.

11.  Upon information and belief, the faxes were sent by means of a telephone facsimile machine that has the capacity to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or onto paper, and send thousands of faxes per day to facsimile numbers that were preselected by Defendant.

12.  Upon information and belief, Defendant has no procedure or means for recipients who do not consent to receiving the faxes to stop receiving them.

13.  In this instant case, Defendant had no prior established business relationship with Plaintiff. Plaintiff has never in the past used Defendant's services, nor given Defendant consent to receive unsolicited fax advertisements from Defendant.

14.  Within four (4) years prior to the commencement of this action, Defendant, or a third party agent acting on behalf of Defendant, willfully and

knowingly transmitted facsimiles to Plaintiff that advertised the commercial availability or quality of property, goods, or services.

15. Specifically, on or about April 11, 2018, Defendant caused to be delivered, which Plaintiff received at Plaintiff's facsimile number ending in 5137, a facsimile advertisement which solicited Plaintiff's business by advertising urgent care referrals. *See* Exhibit A.

16. Plaintiff did not give Defendant, or any third party acting on behalf of Defendant, prior express invitation or permission to transmit the aforementioned facsimiles, thereby rendering them unsolicited.

17. Plaintiff did not agree to make available its facsimile number for advertisement in a directory.

18. Based upon information and belief, Defendant transmitted as many as one (1) unsolicited advertisements to Plaintiff. Discovery may reveal the transmission of additional faxes.

19. Defendant's transmission of unsolicited fax advertisements to Plaintiff and the putative class members is in direction violation of 47 U.S.C. § 227(b)(1)(C), which specifically prohibits the:

> use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless—
>
> (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;
>
> (ii) the sender obtained the number of the telephone facsimile machine through—
>
> (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
>
> (II) a directory, advertisement, or site on the Internet to which the recipient

voluntarily agreed to make available its facsimile number for public distribution, except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005, if the sender possessed the facsimile machine number of the recipient before July 9, 2005; and

(iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D).

20. Defendant, whose products or services were advertised, or whose clients' and/or agents' products or services were advertised in the faxes, derived economic benefit from the sending of these faxes.

21. As a result of Defendant's alleged violations of law by placing these unsolicited fax advertisements from Defendant, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

  a. Invading Plaintiff's privacy;

  b. Electronically intruding upon Plaintiff's seclusion;

  c. Intrusion into Plaintiff's use and enjoyment of its facsimile machine;

  d. Impermissibly occupying minutes, data, availability to receive other faxes, and various other intangible rights that Plaintiff has as to complete ownership and use of its facsimile machine;

  e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted faxes.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action individually and on behalf of and all others similarly situated ("the Class").

23. Plaintiff represents, and is a member of, the Classes, consisting of:

All persons in the United States who received any unsolicited fax advertisement on their telephone facsimile machines from Defendant or its agents(s) and/or employee(s) within the four years prior to the filing of the Complaint.

Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

24. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephone facsimile machines by sending unsolicited fax advertisements. Plaintiff and the Class members were damaged thereby.

25. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

26. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

27. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual Class members, including the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any unsolicited fax advertisements to a Class member;

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

As a recipient of unsolicited fax advertisements from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

28. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state laws. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CLAIM FOR RELIEF

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

33. At all times herein, Plaintiff was and is entitled to the rights, protections and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

34. The transmission of facsimiles to Plaintiff as set forth above, violated 47 U.S.C. § 227(b)(1)(C).

35. Based upon the foregoing, Plaintiff is entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

36. Based upon the foregoing, Plaintiff is entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from transmitting any advertisements in violation of 47 U.S.C. § 227(b)(1)(C).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of the Class respectfully request that judgment be entered against Defendant for the following:

A. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1)(C), Plaintiff and each member of the Classes is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

B. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1)(C), Plaintiff and each member of the Class is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred

dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and;

    C.    Issuing an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(3); and

    D.    For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, M. PAPADOPOULOS DENTAL CORP. dba VILLAGE FAMILY DENTAL OFFICE, demands trial by jury in this action pursuant to the seventh amendment to the Constitution of the United States.

                                                         RESPECTFULLY SUBMITTED,

Dated: July 26, 2019                    MARTIN & BONTRAGER, APC

                                                         By: /s/ G. Thomas Martin, III
                                                              G. Thomas Martin, III